UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DEGOWIN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-2463 KJM KJN (TEMP)<br><br><br>FINDINGS AND RECOMMENDATIONS |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, the undersigned recommends that plaintiff's motion be granted, that defendant's cross-motion be denied, that the decision of the Commissioner of Social Security ("Commissioner") be reversed, and the matter be remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On March 14, 2011, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") alleging disability beginning on September 1, 2008. (Transcript ("Tr.") at 193-97.) Plaintiff's applications were denied initially, (id. at 115-19), and upon reconsideration. (Id. at 122-26.)

1

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on October 19, 2012. (Id. at 49-97.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 49-50.) In a decision issued on November 16, 2012, the ALJ found that plaintiff was not disabled. (Id. at 40.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since September 1, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, status post surgery with radicular symptoms; carpal tunnel syndrome; diabetes; vertigo; and obesity (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he cannot climb ladders, ropes, or scaffolds, and cannot balance. He can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to hazards. He is limited to frequent handling, fingering, and feeling bilaterally.
>
> 6. The claimant is capable of performing past relevant work as a medical sales representative. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2008, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 32-40.)

On August 22, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's November 16, 2012 decision. (Id. at 4-7.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 20, 2014.

/////

/////

2

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

In his pending motion plaintiff asserts that the ALJ improperly rejected the opinion of plaintiff's treating physician. (Pl.'s MSJ (Dkt. No. 19) at 9-16.[1]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This general rule is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.)

In addition, greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'" Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)). Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v.

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

2       Here, in October of 2011, plaintiff's treating physician, Dr. David Stanley, completed a
3  Multiple Impairment Questionnaire form, addressing plaintiff's impairments and corresponding
4  limitations. (Tr. at 682-88.) The ALJ recounted Dr. Stanley's opinion in his November 16, 2012
5  order. Specifically, the ALJ acknowledged that it was Dr. Stanley's opinion that plaintiff could
6  stand and walk for only three hours in an eight-hour day, sit for one hour, lift up to five pounds
7  occasionally, would require several unscheduled breaks and be absent from work more than three
8  times per month. (Id. at 37.) The ALJ, however, ultimately elected to afford Dr. Stanley's
9  opinion "little weight." (Id. at 39.)

10      In support of this determination the ALJ stated that, "[a]lthough Dr. Stanley has treated
11 the claimant for approximately 20 years and examined him on multiple occasions," Dr. Stanley's
12 opinion was "largely inconsistent with the medical evidence of record, including his own
13 examination notes." (Id.) The ALJ then stated that, "[a]s previously discussed, the evidence
14 suggests that the claimant has a greater capacity for sitting, standing, walking, lifting and carrying
15 than Dr. Stanley found," and that "Dr. Stanley offers no findings or observations to support his
16 determination that the claimant will require unscheduled work breaks or be absent from work
17 frequently . . . ." (Id.) Moreover, the ALJ found that "Dr. Stanley's treatment records document
18 few objective abnormalities in the claimant's presentation," suggesting that Dr. Stanley's
19 restrictions were "based largely on the claimant's subjective statements concerning his abilities
20 rather than his own observations." (Id.)

21      In rejecting Dr. Stanley's opinion, however, the ALJ failed to cite to any specific piece of
22 evidence supporting the ALJ's conclusions. Although the ALJ discussed specific evidence in the
23 record prior to addressing Dr. Stanley's opinion, it is unclear how that evidence undermines Dr.
24 Stanley's opinion. In this regard, the ALJ's opinion cited to "[p]hysical examinations" that
25 typically revealed "a reduced lumbar range of motion with only minimal tenderness to palpation
26 in that region" and to "a November 2011 appointment with a spine specialist," at which plaintiff
27 /////
28 /////

"demonstrated mild giveaway weakness and diminished reflexes in his right leg."[2]  (Id. at 35.)  In this regard, it is unclear why a reduced range of motion, mild tenderness to palpation, mild giveaway weakness and diminished right leg reflexes are inconsistent with Dr. Stanley's opinion.

Moreover, the ALJ's opinion cited to an October 2011 MRI of plaintiff's spine showing "disc protrusion with spinal and neural foraminal stenosis as well as possible nerve root impingement at L4-L5, and ligamentum flavum and hypertrophic facet changes at L3-L4."[3]  (Id.)  Again, it is not clear why these findings are inconsistent with Dr. Stanley's opinion.

Additionally, although not specifically discussed by the ALJ, Dr. Stanley's opinion asserts that it was supported by "x-rays," citing to a June 8, 2009 x-ray.  (Id. at 682.)  That x-ray, taken several years before Dr. Stanley rendered his opinion, found "[s]evere disc space narrowing . . . at L4-L5."[4]  (Id. at 534.)

In this regard, it is not apparent how Dr. Stanley's opinion is inconsistent with the medical evidence of record or Dr. Stanley's examination notes.  As explained by the Ninth Circuit,

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  See also Dominguez v. Colvin, 808 F.3d 403, 406-07 (9th Cir. 2015) ("if a treating doctor's opinion is contradicted by other medical evidence in the record, the ALJ may reject this opinion only by providing specific and legitimate

---

[2] According to that spine specialist, plaintiff's condition was "[h]ighly unlikely for any spontaneous improvement," "[s]urgery, injections are not recommended," and "it would be very difficult for the patient to find a job that would be able to accomdate (sic) his pain symptoms (eg. Frequent breaks, any area to lay down)."  (Tr. at 967.)

[3] The MRI report characterized plaintiff's condition as including "[m]oderate spinal stenosis and moderately severe bilateral neural foraminal stenosis," and also found a "1-2mm disc bulge" at the L5-S1.  (Tr. at 693.)

[4] See generally Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985) ("Because Stone's condition was progressively deteriorating, the most recent medical report is the most probative.  Earlier medical evaluations, based on Stone's condition several months before, do not constitute substantial evidence to rebut the conclusions contained in Dr. Maurer's final report.").

reasons supported by substantial evidence"); Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence.").

According, for the reasons stated above, the undersigned finds that the ALJ failed to offer specific and legitimate reasons supported by substantial evidence in the record to reject the opinion of plaintiff's treating physician, Dr. Stanley. Plaintiff, therefore, is entitled to relief with respect to this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021. See also Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether plaintiff is, in fact, disabled within the meaning of the Social Security Act. In this regard, although the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinion of plaintiff's treating physician, plaintiff does not challenge the ALJ's opinion in any other respect. As noted by defendant,

/////

> Plaintiff, therefore, concedes the accuracy of all of the ALJ's remaining findings, including that neither Plaintiff nor his wife were credible witnesses regarding the extent of his symptoms and limitations, that Plaintiff had no limitations on his daily activities, which included grocery shopping, heavy lifting, playing the guitar and doing "a lot" of gardening despite his supposedly disabling back and radiating body pains, that he received little treatment for his conditions during the relevant period, that Dr. Cristostomo's opinion was entitled to "little weight" and that the opinions of Drs. Brimmer and Tambellini (the examining and reviewing physicians) were entitled to "some weight".

(Def.'s MSJ (Dkt. No. 21) at 8.)

The undersigned, therefore, recommends that this matter be remanded for further proceedings.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 19) be granted;

2. Defendant's cross-motion for summary judgment (Dkt. No. 21) be denied;

3. The decision of the Commissioner of Social Security be reversed; and

4. This case be remanded for further proceedings consistent with this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 4, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

degowin2463.f&rs.docx