UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DEGOWIN,<br><br>             Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security,<br><br>             Defendant. | No.  2:14-cv-2463 KJM DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's fully briefed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").

BACKGROUND

Plaintiff brought this action seeking judicial review of a final administrative decision denying his application for Disability Insurance Benefits under Title II of the Social Security Act. On February 4, 2016, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the previously assigned Magistrate Judge issued findings and recommendations recommending that plaintiff's motion for summary judgment be granted, defendant's cross-motion be denied, the decision of the Commissioner of

////

////

1

1   Social Security be reversed, and that this matter be remanded for further proceedings.[1]  (ECF No.

2   23.)  Those findings and recommendations were adopted in full by the assigned District Judge on

3   March 22, 2016.  (ECF No. 25.)

4        On June 20, 2016, plaintiff filed this motion for attorney's fees.  (ECF No. 27.)  On July 8,

5   2016, defendant filed a request for an extension of time to respond to plaintiff's motion.  (ECF

6   No. 28.)  Defendant's request for an extension of time was granted on July 18, 2016.  (ECF No.

7   29.)  After defendant failed to file a timely opposition, an order to show cause was issued on

8   September 7, 2016.  (ECF No. 31.)  Defendant filed a response to the order to show cause and an

9   opposition to plaintiff's motion on September 21, 2016.  (ECF Nos. 32 & 33.)  Plaintiff filed a

10  reply on November 7, 2016.  (ECF No. 34.)

STANDARDS

11

12       The EAJA provides that "a court shall award to a prevailing party . . . fees and other

13  expenses . . . incurred by that party in any civil action . . . brought by or against the United States

14  . . . unless the court finds that the position of the United States was substantially justified or that

15  special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v.

16  Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was

17  substantially justified or that special circumstances exist to make an award unjust."  Gutierrez v.

18  Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001)

19       A "party" under the EAJA is defined as including "an individual whose net worth did not

20  exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).  The

21  term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).

22  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the

23  prevailing party to the extent that the party 'unduly and unreasonably protracted' the final

24  resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§

25  2412(d)(1)(C) & 2412(d)(2)(D)).

26  ////

27

28  ----

[1]  This matter was reassigned to the undersigned on August 3, 2016.  (ECF No. 30.)

2

1    A party who obtains a remand in a Social Security case is a prevailing party for purposes

2    of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has

3    ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence

4    four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .  "An

5    applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the

6    denial of her benefits is reversed and remanded regardless of whether disability benefits

7    ultimately are awarded."  Gutierrez, 274 F.3d at 1257.

8                                                ANALYSIS

9        Here, the undersigned finds, and defendant does not dispute, that plaintiff is the prevailing

10   party, that plaintiff did not unduly delay this litigation, and that his net worth did not exceed two

11   million dollars when this action was filed.  (ECF No. 27 at 3.)  Defendant, however, argues that

12   the government's position was substantially justified.  (ECF No. 33 at 6-9.)

13       "Substantial justification means 'justified in substance or in the main—that is, justified to

14   a degree that could satisfy a reasonable person.'"  Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir.

15   2014) (quoting Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013)).  "Put differently, the

16   government's position must have a 'reasonable basis both in law and fact.'"  Meier, 727 F.3d at

17   870 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  "'[T]he position of the United

18   States includes both the government's litigation position and the underlying agency action.'"

19   Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013) (quoting Meier, 727 F.3d at 870); see also

20   Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008) ("the relevant question is whether the

21   government's decision to defend on appeal the procedural errors committed by the ALJ was

22   substantially justified").

23       Here, the court found that the ALJ erred with respect to the treatment of the opinion of

24   plaintiff's treating physician, Dr. Stanley.  (ECF No. 23 at 7.)  Defendant argues that the ALJ

25   was, nonetheless, substantially justified "because the ALJ performed an analysis of Dr. Stanley's

26   opinion and offered reasons for assigning the type of weight to the opinion, which the ALJ is

27   required to under the regulations."  (ECF No. 33 at 6.)  Defendant's argument, however, is based

28   on the mistaken assertion that the court "remanded the matter because it found that while the ALJ

3

1    recounted and explained that he gave little weight to Dr. Stanley's opinion, the ALJ's articulated

2    rationale lacked support and additional articulation."  (Id.)

3         In this regard, this matter was remanded not because the ALJ failed to offer additional

4    articulation, but because he "failed to cite to any specific piece of evidence supporting" the

5    rejection of Dr. Stanley's opinion.  (ECF No. 23 at 5.)  Moreover, the court also examined the

6    evidence that the ALJ cited elsewhere in his opinion and explained how even that evidence,

7    although not specifically cited by the ALJ in support, appeared to fail to provide a specific and

8    legitimate reason supported by substantial evidence to reject the opinion of plaintiff's treating

9    physician.  (Id. at 5-7); see generally Dominguez v. Colvin, 808 F.3d 403, 406-07 (9th Cir. 2015)

10   ("if a treating doctor's opinion is contradicted by other medical evidence in the record, the ALJ

11   may reject this opinion only by providing specific and legitimate reasons supported by substantial

12   evidence"); Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the

13   record his reasoning and the evidentiary support for his interpretation of the medical evidence.");

14   Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his

15   conclusions.  He must set forth his own interpretations and explain why they, rather than the

16   doctors', are correct.").

17        In support of its argument, the defendant argues that Hardisty v. Astrue, 592 F.3d 1072

18   (9th Cir. 2010), is "instructive and dispositive."  (ECF No. 33 at 8.)  In Hardisty, however, the

19   Ninth Circuit was reviewing the "district court's ruling that the government's position . . . was

20   substantially justified . . . .  for abuse of discretion."  (Id. at 1079-80.)  Moreover, in Hardisty, "all

21   of the inferences upon which [the government's position] rested had substance in the record."

22   (Id. at 1080.)  Here, the government's position was not supported by substance in the record.

23        Defendant also cites to Lewis v. Barnhart, 281 F.3d 1081 (9th Cir. 2002), in support of its

24   argument.  (ECF No. 33 at 6.)  As with Hardisty, Lewis concerned the Ninth Circuit's review of a

25   denial of EAJA fees "for an abuse of discretion."  Id. at 1083.  In affirming the district court's

26   decision, the Ninth Circuit found that, while the "ALJ erroneously characterized" the plaintiff's

27   testimony, "the Commissioner's decision to defend the ALJ's position . . . had a reasonable basis

28   in law . . . ."  (Id. at 1084.)

4

1    Here, it cannot be said that the Commissioner's decision had a reasonable basis in the law.

2    See Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a

3    medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting

4    without explanation that another medical opinion is more persuasive, or criticizing it with

5    boilerplate language that fails to offer a substantive basis for his conclusion"); Orn v. Astrue, 495

6    F.3d 625, 632 (9th Cir. 2007) ("If the ALJ wishes to disregard the opinion of the treating

7    physician, he or she must make findings setting forth specific, legitimate reasons for doing so that

8    are based on substantial evidence in the record."); Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

9    1995) ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner

10   may not reject this opinion without providing specific and legitimate reasons supported by

11   substantial evidence in the record for so doing.").

12    Accordingly, the undersigned finds that the government has failed to show that its position

13   was substantially justified.  Defendant also argues that plaintiff's fee request is unreasonable and

14   should be reduced.  (ECF No. 33 at 10-13.)

15    The EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C. §

16   2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since

17   1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost

18   of living.[2]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir.

19   2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee

20   "'requires more inquiry by a district court than finding the product of reasonable hours times a

21   reasonable rate.'"  Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434

22   (1983) (internal citations omitted)).  The district court must consider "'the relationship between

23   the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S.

24   at 437).

25   [2]  In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir.
26   2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the
     statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be
27   found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates
     are equal to the statutory maximum rates established by the Ninth Circuit.  See ECF No. 34-1 at
28   1.

5

1    Here, plaintiff's attorney successfully moved for summary judgment and obtained a

2  remand for further proceedings.  Plaintiff's reply explains that, although 36.3 hours of attorney

3  time was expended in this action, plaintiff is only seeking compensation for 34.4 hours of

4  attorney time.[3]  (ECF No. 34-1 at 1.)  After carefully reviewing the record and the parties'

5  briefing, the undersigned finds the claimed 34.4 hours to be a reasonable amount of attorney time

6  to have expended on this matter and declines to conduct a line-by-line analysis of counsel's

7  billing entries.  See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v.

8  Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano

9  v. Astrue, No. 05-CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008).

10    Moreover, the 34.4 hours expended by plaintiff's attorney is well within the limit of what

11  would be considered a reasonable amount of time spent on this action when compared to the time

12  devoted to similar tasks by counsel in like social security appeals coming before this court.  See

13  Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19,

14  2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-

15  1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a

16  reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5

17  (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue,

18  No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to

19  be a reasonable amount of time); see also Costa v. Commissioner of Social Sec. Admin., 690 F.3d

20  1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the

21  range most often requested and granted in social security cases."); cf. Id. at 1137 ("District courts

22  may not apply de facto caps limiting the number of hours attorneys can reasonably expend on

23  'routine' social security cases.").

24    Plaintiff's motion also seeks $400 in costs.  (ECF No. 27 at 1.)  "As the prevailing party

25  in this litigation, plaintiff is entitled to an award of costs and expenses under the EAJA."

26

27  [3]  In this regard, plaintiff's counsel has deducted 1 hour of time spent drafting the EAJA motion
   and the .9 hours of time spent on this action by plaintiff's former counsel.  (ECF Nos. 14 and 34-

28  1.)

1    Patterson v. Apfel, 99 F.Supp.2d 1212, 1215 (C.D. Cal. 2000) (citing 28 U.S.C. § 2412(a)(1)); see

2    also Orn, 511 F.3d at 1221 ("we hold that Orn is entitled to an award of fees and costs under §

3    2412(d)(1)(A)").

4         Finally, plaintiff requests that the EAJA fee award be made payable to plaintiff's counsel

5    pursuant to a fee agreement signed by plaintiff.  (ECF No. 27 at 8; ECF No. 34 at 10.)  However,

6    an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a

7    government offset to satisfy any pre-existing debt owed to the United States by the claimant.

8    Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010).

9         Subsequent to the decision in Ratliff, some courts have ordered payment of the award of

10   EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees,

11   provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No. CIV 08-

12   1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-

13   0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-

14   01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV

15   09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  Similarly, in recently submitted

16   stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have

17   stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's

18   assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by

19   making the fees and expenses payable directly to counsel.  The undersigned will recommend such

20   a provision in this action.

21        Accordingly, IT IS HEREBY RECOMMENDED that:

22        1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 27)

23   be granted;

24        2.  Plaintiff be awarded $6,556.99 in attorney fees and $400 in costs under 28 U.S.C. §

25   2412(d); and

26        3.  Defendant be directed to determine whether plaintiff's EAJA attorney's fees are

27   subject to any offset permitted under the United States Department of the Treasury's Offset

28   Program and, if the fees are not subject to an offset, be directed to honor plaintiff's assignment of

7

1    EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant

2    to the assignment executed by plaintiff.

3        These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8    shall be served and filed within fourteen days after service of the objections.  The parties are

9    advised that failure to file objections within the specified time may waive the right to appeal the

10    District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11    Dated:  December 13, 2016

12

13

14                 DEBORAH BARNES
                  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24    DLB:6
     DB\orders\orders.soc sec\degowin2463.eaja.f&rs

25

26

27

28