1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS DEGOWIN,                        No.  2:14-cv-2463 KJM DB

12                   Plaintiff,

13          v.                              ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   CAROLYN W. COLVIN, Commissioner
     of Social Security,

15

16                   Defendant.

17

18          On December 14, 2016, the undersigned issued findings and recommendations with

19   respect to plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act.  (ECF

20   No. 35.)  On December 27, 2016, defendant filed objections.  (ECF No. 36.)  Therein, defendant

21   asserts that the findings and recommendations failed to address defendant's argument pursuant to

22   U.S. v. Kim, 797 F.3d 696, 704 (9th Cir. 2015).  (ECF No. 36 at 2.)

23          The nature of defendant's argument with respect to Kim, as reflected in defendant's

24   September 21, 2016 opposition, was not entirely clear to the undersigned.  In this regard,

25   defendant's argument with respect to Kim consisted of, at most, four sentences within a larger

26   section of defendant's 14-page opposition concerning Astrue v. Ratliff, 560 U.S. 586, 592-93

27   (2010), which the findings and recommendations did address, and directed the court to the prior

28   version of the Kim decision, see U.S. v. Kim, 806 F.3d 1161 (9th Cir. 2015).  Nonetheless,

                                             1

1   having more clearly articulated the argument in the objections to the findings and

2   recommendations, the undersigned will vacate the December 14, 2016 findings and

3   recommendations and address <u>Kim</u> herein.  Accordingly, the undersigned now turns to plaintiff's

4   fully briefed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").

5   **BACKGROUND**

6         Plaintiff brought this action seeking judicial review of a final administrative decision

7   denying his application for Disability Insurance Benefits under Title II of the Social Security Act.

8   On February 4, 2016, following the filing of a motion for summary judgment by plaintiff and a

9   cross-motion for summary judgment by defendant, the previously assigned Magistrate Judge

10  issued findings and recommendations recommending that plaintiff's motion for summary

11  judgment be granted, defendant's cross-motion be denied, the decision of the Commissioner of

12  Social Security be reversed, and that this matter be remanded for further proceedings.[1]  (ECF No.

13  23.)  Those findings and recommendations were adopted in full by the assigned District Judge on

14  March 22, 2016.  (ECF No. 25.)

15        On June 20, 2016, plaintiff filed this motion for attorney's fees.  (ECF No. 27.)  On July 8,

16  2016, defendant filed a request for an extension of time to respond to plaintiff's motion.  (ECF

17  No. 28.)  Defendant's request for an extension of time was granted on July 18, 2016.  (ECF No.

18  29.)  After defendant failed to file a timely opposition, an order to show cause was issued on

19  September 7, 2016.  (ECF No. 31.)  Defendant filed a response to the order to show cause and an

20  opposition to plaintiff's motion on September 21, 2016.  (ECF Nos. 32 & 33.)  Plaintiff filed a

21  reply on November 7, 2016.  (ECF No. 34.)

22  **STANDARDS**

23        The EAJA provides that "a court shall award to a prevailing party . . . fees and other

24  expenses . . . incurred by that party in any civil action . . . brought by or against the United States

25  . . . unless the court finds that the position of the United States was substantially justified or that

26  special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); <u>see</u> <u>also</u> <u>Gisbrecht v.</u>

28  [1]  This matter was reassigned to the undersigned on August 3, 2016.  (ECF No. 30.)

1   Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was

2   substantially justified or that special circumstances exist to make an award unjust."  Gutierrez v.

3   Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001)

4        A "party" under the EAJA is defined as including "an individual whose net worth did not

5   exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).  The

6   term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).

7   "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the

8   prevailing party to the extent that the party 'unduly and unreasonably protracted' the final

9   resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§

10  2412(d)(1)(C) & 2412(d)(2)(D)).

11       A party who obtains a remand in a Social Security case is a prevailing party for purposes

12  of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has

13  ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence

14  four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .  "An

15  applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the

16  denial of her benefits is reversed and remanded regardless of whether disability benefits

17  ultimately are awarded."  Gutierrez, 274 F.3d at 1257.

18                                    **ANALYSIS**

19       Here, the undersigned finds, and defendant does not dispute, that plaintiff is the prevailing

20  party, that plaintiff did not unduly delay this litigation, and that his net worth did not exceed two

21  million dollars when this action was filed.  (ECF No. 27 at 3.)  Defendant, however, argues that

22  the government's position was substantially justified.  (ECF No. 33 at 6-9.)

23       **A.  Substantial Justification**

24       "Substantial justification means 'justified in substance or in the main—that is, justified to

25  a degree that could satisfy a reasonable person.'"  Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir.

26  2014) (quoting Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013)).  "Put differently, the

27  government's position must have a 'reasonable basis both in law and fact.'"  Meier, 727 F.3d at

28  870 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  "'[T]he position of the United

1   States includes both the government's litigation position and the underlying agency action.'"

2   Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013) (quoting Meier, 727 F.3d at 870); see also

3   Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008) ("the relevant question is whether the

4   government's decision to defend on appeal the procedural errors committed by the ALJ was

5   substantially justified").

6          Here, the court found that the ALJ erred with respect to the treatment of the opinion of

7   plaintiff's treating physician, Dr. Stanley.  (ECF No. 23 at 7.)  Defendant argues that the ALJ

8   was, nonetheless, substantially justified "because the ALJ performed an analysis of Dr. Stanley's

9   opinion and offered reasons for assigning the type of weight to the opinion, which the ALJ is

10  required to under the regulations."  (ECF No. 33 at 6.)  Defendant's argument, however, is based

11  on the mistaken assertion that the court "remanded the matter because it found that while the ALJ

12  recounted and explained that he gave little weight to Dr. Stanley's opinion, the ALJ's articulated

13  rationale lacked support and additional articulation."  (Id.)

14         In this regard, this matter was remanded not because the ALJ failed to offer additional

15  articulation, but because he "failed to cite to any specific piece of evidence supporting" the

16  rejection of Dr. Stanley's opinion.  (ECF No. 23 at 5.)  Moreover, the court also examined the

17  evidence that the ALJ cited elsewhere in his opinion and explained how even that evidence,

18  although not specifically cited by the ALJ in support, appeared to fail to provide a specific and

19  legitimate reason supported by substantial evidence to reject the opinion of plaintiff's treating

20  physician.  (Id. at 5-7); see generally Dominguez v. Colvin, 808 F.3d 403, 406-07 (9th Cir. 2015)

21  ("if a treating doctor's opinion is contradicted by other medical evidence in the record, the ALJ

22  may reject this opinion only by providing specific and legitimate reasons supported by substantial

23  evidence"); Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the

24  record his reasoning and the evidentiary support for his interpretation of the medical evidence.");

25  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his

26  conclusions.  He must set forth his own interpretations and explain why they, rather than the

27  doctors', are correct.").

28  ////

4

1    In support of its argument, the defendant argues that <u>Hardisty v. Astrue</u>, 592 F.3d 1072

2    (9th Cir. 2010), is "instructive and dispositive."  (ECF No. 33 at 8.)  In <u>Hardisty</u>, however, the

3    Ninth Circuit was reviewing the "district court's ruling that the government's position . . . was

4    substantially justified . . . .  for abuse of discretion."  (<u>Id.</u> at 1079-80.)  Moreover, in <u>Hardisty</u>, "all

5    of the inferences upon which [the government's position] rested had substance in the record."

6    (<u>Id.</u> at 1080.)  Here, the government's position was not supported by substance in the record.

7    Defendant also cites to <u>Lewis v. Barnhart</u>, 281 F.3d 1081 (9th Cir. 2002), in support of its

8    argument.  (ECF No. 33 at 6.)  As with <u>Hardisty</u>, <u>Lewis</u> concerned the Ninth Circuit's review of a

9    denial of EAJA fees "for an abuse of discretion."  <u>Id.</u> at 1083.  In affirming the district court's

10   decision, the Ninth Circuit found that, while the "ALJ erroneously characterized" the plaintiff's

11   testimony, "the Commissioner's decision to defend the ALJ's position . . . had a reasonable basis

12   in law . . . ."  (<u>Id.</u> at 1084.)

13   Here, it cannot be said that the Commissioner's decision had a reasonable basis in the law.

14   <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a

15   medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting

16   without explanation that another medical opinion is more persuasive, or criticizing it with

17   boilerplate language that fails to offer a substantive basis for his conclusion"); <u>Orn v. Astrue</u>, 495

18   F.3d 625, 632 (9th Cir. 2007) ("If the ALJ wishes to disregard the opinion of the treating

19   physician, he or she must make findings setting forth specific, legitimate reasons for doing so that

20   are based on substantial evidence in the record."); <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir.

21   1995) ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner

22   may not reject this opinion without providing specific and legitimate reasons supported by

23   substantial evidence in the record for so doing.").

24   Accordingly, the undersigned finds that the government has failed to show that its position

25   was substantially justified.

26   **B.  Plaintiff's Fee Request**

27   Defendant also argues that plaintiff's fee request is unreasonable and should be reduced.

28   (ECF No. 33 at 10-13.)  The EAJA expressly provides for an award of "reasonable" attorney fees.

28 U.S.C. § 2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[2]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'"  Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)).  The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, plaintiff's attorney successfully moved for summary judgment and obtained a remand for further proceedings.  Plaintiff's reply explains that, although 36.3 hours of attorney time was expended in this action, plaintiff is only seeking compensation for 34.4 hours of attorney time.[3]  (ECF No. 34-1 at 1.)  After carefully reviewing the record and the parties' briefing, the undersigned finds the claimed 34.4 hours to be a reasonable amount of attorney time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries.  See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008).

Moreover, the 34.4 hours expended by plaintiff's attorney is well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court.  See Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19,

---

[2]  In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates are equal to the statutory maximum rates established by the Ninth Circuit.  See ECF No. 34-1 at 1.

[3]  In this regard, plaintiff's counsel has deducted 1 hour of time spent drafting the EAJA motion and the .9 hours of time spent on this action by plaintiff's former counsel.  (ECF Nos. 14 and 34-1.)

2011) (finding 58 hours to be a reasonable amount of time); <u>Watkins v. Astrue</u>, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); <u>Vallejo v. Astrue</u>, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); <u>Dean v. Astrue</u>, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time); <u>see also</u> <u>Costa v. Commissioner of Social Sec. Admin.</u>, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); <u>cf.</u> <u>Id</u>. at 1137 ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases.").

Plaintiff's motion also seeks $400 in costs.  (ECF No. 27 at 1.)  "As the prevailing party in this litigation, plaintiff is entitled to an award of costs and expenses under the EAJA." <u>Patterson v. Apfel</u>, 99 F.Supp.2d 1212, 1215 (C.D. Cal. 2000) (citing 28 U.S.C. § 2412(a)(1)); <u>see also</u> <u>Orn</u>, 511 F.3d at 1221 ("we hold that Orn is entitled to an award of fees and costs under § 2412(d)(1)(A)").

**C.  Assignment of Fee Award**

Finally, plaintiff requests that the EAJA fee award be made payable to plaintiff's counsel pursuant to a fee agreement signed by plaintiff.  (ECF No. 27 at 8; ECF No. 34 at 10.)  However, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. <u>Astrue v. Ratliff</u>, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in <u>Ratliff</u>, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset.  <u>See</u> <u>Blackwell v. Astrue</u>, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); <u>Dorrell v. Astrue</u>, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); <u>Calderon v. Astrue</u>, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); <u>Castaneda v. Astrue</u>, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  Similarly, in recently submitted

stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel.

Moreover, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." United States v. Kim, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." Kim, 806 F.3d at 1169-70. The Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." Yesipovich v. Colvin, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Accordingly, here the EAJA fees should be made payable "directly to plaintiff's counsel, subject to any government debt offset and subject to the government's waiver of the requirements under the Anti-Assignment Act." Id. at 1011; see also Beal v. Colvin, Case No. 14-cv-4437 YGR, 2016 WL 4761090, at *4 (N.D. Cal. Sept. 13, 2016) ("Here, there is no information on whether plaintiff owes any debt to the government. Therefore, the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act."). Moreover, "regardless of the payee, the check [should] be mailed to Plaintiff's attorney." Hill v. Commissioner of Social Security, Case No. 1:14-cv-1813 SAB, 2016 WL 5341274, at *4 (E.D. Cal. Sept. 23, 2016).

Accordingly, **IT IS HEREBY ORDERED** that the December 14, 2016 findings and recommendations (ECF No. 35) are vacated.

Also, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 27) be granted;

2. Plaintiff be awarded $6,556.99 in attorney fees and $400 in costs under 28 U.S.C. § 2412(d);

8

3.  Defendant be directed to determine whether plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall cause payment of fees to be made directly to Plaintiff unless the Government decides to accept the assignment of fees; and

4.  Defendant be directed to mail the payment to plaintiff's counsel.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 18, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\degowin2463.eaja.f&rs2

9