UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DEGOWIN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-2463 KJM DB<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff brought this action seeking judicial review of a final administrative decision denying his application for Disability Insurance Benefits under Title II of the Social Security Act. On February 4, 2016, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the previously assigned Magistrate Judge issued findings and recommendations recommending that plaintiff's motion for summary judgment be granted, defendant's cross-motion be denied, the decision of the Commissioner of Social Security be reversed, and that this matter be remanded for further proceedings.[1] (ECF No. 23.) Those findings and recommendations were adopted in full by the assigned District Judge on March 22, 2016. (ECF No. 25.)

---

[1] This matter was reassigned to the undersigned on August 3, 2016. (ECF No. 30.)

1

On November 6, 2017, counsel for plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 39.) In support of that motion, counsel has provided a copy of the contingent-fee agreement entered into between plaintiff and plaintiff's counsel. (ECF No. 39-1 at 1-3.[2]) The contingent-fee agreement permitted plaintiff's counsel to seek "up to 25% of all past due benefits" awarded. (Id. at 1.) Pursuant to that agreement plaintiff's counsel now seeks attorney's fees in the amount of $17,028.75, which represents 24% of the retroactive disability benefits received by plaintiff on remand, for approximately 36.3 hours of attorney time expended on this matter.[3] (ECF No. 39 at 1, 4; ECF No. 39-3 at 1.) Defendant filed a response to plaintiff's motion on April 18, 2017. (ECF No. 40.)

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). Although an attorney fee award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] Plaintiff's counsel notes that the Social Security Administration withheld $23,028.75 for attorney fees, but counsel here is only seeking $17,028.75 because plaintiff's counsel at the administrative level requested $6,000 in attorney's fees under 42 U.S.C. § 406(a). (ECF No. 39 at 4.) In this regard, counsel here sought to ensure that the "combined 406(a) and 406(b) fee . . . will not exceed 25% of Plaintiff's back benefits, consistent with the fee agreement." (Id.) Nonetheless, the "plain text of 42 U.S.C. § 406(b) limits only the amount of attorney's fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-due benefits." Clark v. Astrue, 529 F.3d 1211, 1218 (9th Cir. 2008).

2

standing to challenge the award.  Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir. 1989).  The goal of fee awards under § 406(b) is to provide adequate incentive to attorneys for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted.  Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"  Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808).

The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to reduction by the court:  (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for noncontingent cases.  Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808).  Below, the undersigned will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel.  Rather, plaintiff's counsel is an experienced attorney who secured a successful result for the plaintiff.  Nor is there evidence that plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay.

////

The undersigned also finds that the $17,028.75 fee, which represents 24% of the past-due benefits paid to plaintiff, is not excessive in relation to the benefits awarded. In this regard, an award of $17,028.75 on 36.3 hours of attorney time expended would represent an hourly rate of $469.11. See Hoffman v. Berryhill, No. 2:11-cv-2338 EFB, 2017 WL 4387271, at *1 (E.D. Cal. Oct. 3, 2017) (awarding fees representing rate of $587.85 per hour); Mondello v. Astrue, No. Civ S-04-973 DAD, 2009 WL 636542, at * 2 (E.D. Cal. Mar. 11, 2009) (awarding fees representing rate of $801.00 per hour); Bailey v. Astrue, No. CIV S-06-1497 KJM, 2008 WL 5133965, at *1 (E.D. Cal. Dec. 5, 2008) ("The hourly rate of $482.14 is also reasonable."). Moreover, in making this determination, the undersigned recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms. See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003). Finally, counsel has submitted a detailed billing statement in support of the requested fee. (ECF No. 39-3 at 1.)

Defendant argues that, following remand, plaintiff was found disabled "only because he turned 60 years old and the Medical-Vocational Guidelines required the agency to find disability based on his age change and the limitation to light work." (ECF No. 40 at 3) (citation omitted). In this regard, defendant asserts that plaintiff's attorney "could have better served Plaintiff by advising him to reapply for disability benefits instead of engaging in lengthy federal court litigation . . . ." (Id.) The undersigned finds this argument wholly unpersuasive.

As noted above, "[t]he court may properly reduce the [attorney's] fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151. Here, plaintiff's counsel's performance was not substandard, there was no delay, and the award is in proportion to the time spent on the case. While the ALJ on remand may have found that plaintiff became disabled only because he turned 60 years old, that administrative decision is not properly before the court for evaluation. Nor is the question of whether plaintiff only became disabled because he turned 60 years old.

Accordingly, for the reasons stated above, the undersigned finds that the fees sought by counsel pursuant to § 406(b) are reasonable. See generally Azevedo v. Commissioner of Social Security, No. 1:11-cv-1341 AWI SAB, 2013 WL 6086666, at *2 (E.D. Cal. Nov. 19, 2013)

(granting petition pursuant to 406(b) for $17,893.75 in attorney's fees); Coulter v. Commissioner of Social Security, No. 1:10-cv-1937 AWI JLT, 2013 WL 5969674, at *2 (E.D. Cal. Nov. 8, 2013) (recommending award of $15,084.23 in attorney's fees pursuant to 406(b)); Taylor v. Astrue, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition pursuant to 406(b) for $20,960 in attorneys' fees); Jamieson v. Astrue, No. 1:09cv0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in attorney fees pursuant to 406(b)).

An award of § 406(b) fees is, however, offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. Here, on January 19, 2017, the undersigned issued findings and recommendations recommending that plaintiff's counsel be awarded $6,556.99 in EAJA fees. (ECF No. 37.) Those findings and recommendations are pending before the assigned District Judge. In the event those findings and recommendations are adopted in whole, or part, and plaintiff's counsel is awarded fees under the EAJA, plaintiff's counsel should be ordered to reimburse plaintiff any amount previously paid by the government under the EAJA.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 6, 2017 motion for attorney fees under 42 U.S.C. § 406(b), (ECF No. 39), be granted;

2. Counsel for plaintiff be awarded $17,028.75 in attorney fees under § 406(b). The Commissioner be directed to pay the fee forthwith and remit to plaintiff the remainder any withheld benefits; and

3. Upon receipt of the $17,028.75 in attorney fees pursuant to § 406(b), counsel be directed to reimburse plaintiff any amount previously paid by the government under the EAJA.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 5, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\degowin2463.406(b).f&rs