UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DEGOWIN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-2463 KJM DB<br><br><br>ORDER |

This action was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636 and Local Rule 302(c)(15).

Findings and Recommendations Filed January 19, 2017

On January 19, 2017, the magistrate judge filed findings and recommendations recommending an award of attorney fees to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations. Defendant filed objections to the findings and recommendations.

/////

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review and carefully considered defendant's objections.

Defendant raises two objections to the findings and recommendations. First, defendant objects to the magistrate judge's determination that the government's position was not "substantially justified" within the meaning of EAJA and controlling case law. ECF No. 38 at 2-5. Specifically, defendant argues the magistrate judge "has not properly addressed" the substantial justification standard. ECF No. 38 at 3. Second, defendant objects to the magistrate judge's failure to address certain specific billing entries the government contends are unreasonable or should reduce the time spent by plaintiff's counsel on the reply brief. *Id*. at 5-8. After review, defendant's second objection is overruled. The first objection is addressed below.

Under the EAJA, the court is required to award attorney fees to a prevailing party unless it finds the position of the government "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "A position is 'substantially justified' if it has a 'reasonable basis in law and fact.'" *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government has the burden of showing that its position was substantially justified. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

"The plain language of the EAJA" makes clear that the government's position includes both the challenged agency action and the decision to defend that action in court. *Id.* For that reason, the court focuses first on whether there was substantial justification for the challenged agency action and second on whether the government was substantially justified in defending that action in court. *Id*. (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The focus of the inquiry is on "the government's position regarding the specific issue" on which, in this case, remand was based, not on whether the claimant ultimately received benefits. *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017); *see also Hardisty*, 592 F.3d at 1078 (citing *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (same); *see also Lewis v. Barnhart*, 281 F.3d 1081, 1086 (9th Cir. 2002) (in analyzing fees, court looks at whether government was "substantially justified" in taking position contrary to the basis for remand).

Here, the issue on which plaintiff prevailed, and which formed the basis for the order of remand, was the failure of the Administrative Law Judge (ALJ)[1] "to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinion of plaintiff's treating physician." ECF No. 23 at 7.[2] Specifically, the court found the ALJ had failed to cite any evidence in support of the conclusions she reached concerning the treating physician's opinion. *Id*. at 5. The court also found it was "unclear" how several pieces of specific evidence cited in an earlier part of the ALJ's order undermined the treating physician's opinion, that the ALJ had failed to explain how the treating physician's opinion was inconsistent with either the medical record or the treating physician's notes, and that this inconsistency was "not apparent." *Id*. at 6. Whether plaintiff ultimately was entitled to benefits was left unanswered by the court. In fact, while the matter was remanded for further proceedings to correct the errors the court identified, the court also found that "the record as a whole creates serious doubts as to whether plaintiff is, in fact, disabled within the meaning of the Social Security Act." *Id*. at 7.

Thus, the ALJ's failure here was a failure to identify specific evidence in the record or to explain how such evidence supported the decision to reject the treating physician's opinion. This distinguishes the case before this court from both *Hardisty* and *Lewis*, on which the government relies.

In *Hardisty*, the ALJ had "based his decision on an adverse credibility finding against Hardisty." *Hardisty,* 592 F.3d at 1074. The district court reversed, finding the ALJ "had not provided clear and convincing reasons for discrediting" the testimony as required by applicable case law. *Id*. In *Hardisty*, the ALJ had given three specific reasons for the adverse credibility finding; the district court found the reasons did not meet the "clear and convincing reasons" standard. *Id*. In *Lewis*, the district court determined the ALJ had failed to properly characterize

---

[1] Both defendant and the magistrate judge have used the pronoun "he" to refer to the ALJ. In fact, the record reflects the ALJ is female. *See* ECF No. 12-3 at 41. Citations in this record to page numbers in documents in the court record are to page numbers assigned by the court's Electronic Case Filing (ECF) system.

[2] ECF No. 23 is the magistrate judge's findings and recommendations on the merits of plaintiff's claim, which were adopted in full by this court in ECF No. 25.

3

the claimant's testimony at step four of the disability benefits determination process. *Lewis*, 281 F.3d at 1083. At that stage, the claimant has "the burden of showing that she [can] no longer perform her past relevant work." *Id*. The duty of the ALJ at this stage is "'to make the requisite factual findings to support his conclusion.'" *Id*. (quoting *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001)). Again, the ALJ reviewed the claimant's testimony and "resolved ambiguities in the testimony" against the claimant. *Id*. at 1084. The district court disagreed with the ALJ's characterization of the claimant's testimony, *id*. at 1083, but at the EAJA fees stage of the proceeding found that the ALJ's position had both a reasonable basis in law, because the ALJ was required to evaluate the claimant's testimony and did so, as well as a reasonable basis in fact because there "was testimony in the record that" could have been viewed as casting doubt on relevant statements by the claimant. *Id*. at 1084.

Thus, in both *Hardisty* and *Lewis* the ALJ made specific findings as required by the law and cited to evidence in support of those findings. Here, by contrast, the ALJ did not cite to any specific evidence nor did she explain how specific evidence in the record supported her rejection of the treating physician's testimony. As the court found on the merits of plaintiff's claim, "[t]he uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record." *Id*. (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). It is the ALJ who has the "burden of giving specific, legitimate reasons based on substantial evidence" for rejecting a treating physician's opinion in favor of a non-treating physician. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989) (citation omitted).

As discussed, the ALJ did not meet this burden. The court does not find substantial justification for the ALJ's failure to comply with this well-settled rule. Given the absence of substantial justification for the ALJ's error, the court need not look at whether the government's

4

defense of that failure in this litigation was substantially justified because "[t]he government's position must be substantially justified at each stage of the proceedings." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) (quoting *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008)).

For the foregoing reasons, defendant's first objection also is overruled. The findings and recommendations will be adopted as supplemented by this order.

<u>Findings and Recommendations Filed February 6, 2018</u>

Finally, on February 6, 2018, the magistrate judge filed findings and recommendations on plaintiff's motion for an award of attorney's fees under 42 U.S.C. §406(b). The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations. The fourteen-day period has expired and no party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. Accordingly, the February 6, 2018 findings and recommendations will be adopted in full.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 19, 2017, ECF No. 37, are adopted as supplemented by this order;

2. Plaintiff's motion for attorney fees under the Equal Access to Justice Act, ECF No. 27, is granted;

3. Plaintiff is awarded $6,556.99 in attorney fees and $400 in costs under 28 U.S.C. §2412(d);

4. Defendant is directed to determine whether plaintiff's EAJA attorney fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and,

/////

5

if the fees are not subject to an offset, shall cause payment of fees to be made directly to plaintiff unless the government decides to accept the assignment of fees;

     5. Defendant is directed to mail the payment of EAJA fees to plaintiff's counsel;

     6. The findings and recommendations filed February 6, 2018, ECF No. 42, are adopted in full;

     7. Plaintiff's November 6, 2017 motion for attorney fees under 42 U.S.C. § 406(b), (ECF No. 39), is granted;

     8. Counsel for plaintiff is awarded $17,028.75 in attorney fees under § 406(b). The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of any withheld benefits; and

     9. Upon receipt of the $17,028.75 in attorney fees pursuant to § 406(b), counsel is directed to reimburse plaintiff any amount previously paid by the government under the EAJA or, if payment of the EAJA fees is received after payment of the § 406(b) fees, to reimburse plaintiff upon receipt of the EAJA fee award.

DATED: March 30, 2018.

_____
UNITED STATES DISTRICT JUDGE